**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CALEB S. HERNANDEZ, | Case No. 1:22-cv-6964 (VSB) |
| Plaintiff, | |
| v. | ECF |
| LARRY MILLER and ERIC EISBRENNER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT LARRY MILLER'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) AND NEW YORK'S ANTI-SLAPP STATUTE
AND FOR OTHER RELIEF**

BRENNAN LAW FIRM PLLC
Kerry A. Brennan
902 Broadway, 6th FL
New York, New York 10010
Tel. 212.729.1980
Kerry.brennan@brennanlawpllc.com

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**                                               ii

**A.  PRELIMINARY STATEMENT**                                          1

**B.  BACKGROUND**                                                     2

**C.  ARGUMENT**                                                       5

**I.  LEGAL STANDARD**                                                 5

**II.  THIS COURT SHOULD DISMISS WITH PREJUDICE ALL**                  5
**OF THE COMPLAINT'S CAUSES OF ACTION**

    **1.  New York's Anti-SLAPP Statute Bars All Claims Relating to**     5
    **the Letter to Bankruptcy Judge**

    **2.  The Litigation Privilege Bars All Claims Relating to**          9
    **Communications Made in a Judicial Proceeding**

    **3.  The Bankruptcy Code Preemption Defense Bars All Claims**        11

    **4.  Plaintiff's Claim for Breach of Contract Seeking**              12
    **Reputational Damages Fails**

    **5.  The Abuse of Process Claim Fails Because the Letter to**         16
    **Bankruptcy Judge Does Not Constitute Regularly Issued**
    **Process**

    **6.  Claims of Defamatory Injury to Reputation and Libel Fail**      16

    **7.  The Injurious Falsehood Claim Fails**                            17

    **8.  The Product Disparagement Claim Fails**                          17

    **9.  No Claim for Punitive Damages Exists Under New York Law**        18

    **10.  F.R.C.P. Rule 8 Requires Dismissal of All Claims, or**          18
    **Alternatively, a More Definite Statement Pursuant to**
    **F.R.C.P. 12(e)**

**D.  CONCLUSION**                                                     19

## <u>TABLE OF AUTHORITIES</u>

### *Case Law*

*5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254 (Tx. Ct. App. Ft. Worth 2004) — 12-13

*Aristocrat Plastic Surgery, P.C. v. Silva,* 206 A.D.3d 26 (1st Dept 2022) — 6

*Arts4All, Ltd. v. Hancock*, 5 A.D.3d 106 (1st Dep't 2004) — 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) — 5

*Astor Holdings, Inc. v. Roski*, 325 F.Supp.2d 251 (S.D.N.Y. 2003) — 10-11

*Basic Capital Mgmt. v. Dynex Commercial*, 348 S.W.3d 894 (Tex. 2011) — 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) — 5

*Bensky v. Warden*, 258 N.Y. 55 (1932) — 10

*Bisogno v. Borsa*, 101 A.D.3D 780 (2d Dep't 2012) — 9

*Black v. Green Harbour Homeowners Ass'n*, 19 A.D.3d 962 (1st Dep't 2005) — 10

*Campos v. Aegis Realty Mgmt. Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356 (S.D.N.Y. 2020) — 3

*Center for Med. Progress v Planned Parenthood Fedn. of Am.,* 551 F.Supp.3d 320 (S.D.N.Y. 2021) — 7

*Choy v. Redland Ins. Co.*, 103 Cal.App.4th 789, 127 Cal.Rptr.2d 94 (2002) — 10

*Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP,* 440 F.Supp.2d 1184 (D. Nev. 2006) — 13

*D'Annunzio v. Ayken, Inc*., 876 F.Supp.2d 212 (E.D.N.Y. 2012) — 9

*Eastern. Equip. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117 (2d Cir. 2000) — 11

*Ellis v. Kaye–Kibbey*, 581 F.Supp.2d 861 (W.D. Mich. 2008) — 13

*First Bank v. Brumitt*, 519 S.W.3d 95 (Tex. 2017) — 14

*Geron v. Seyfath Shaw LLP*, 736 F.3d 213 (2d Cir. 2013)                                    3

*Gilman v. Marsh & McLennan Cos.*, 868 F.Supp.2d 118 (S.D.N.Y. 2012)        16

*Grayson v. Ressler & Ressler*, 271 F. Supp.3d 501(S.D.N.Y. 2017).              17

*Great Wall Med., P.C. v. Levine,* 74 Misc.3d 1224(A) (Sup. Ct. New York        6
    County 2022)

*House v. Houston Waterworks Co.*, 88 Tex. 233, 31 S.W. 179 (1895)             14

*Johnson v. Johnson & Bell, Ltd.,* 379 Ill. Dec. 626, 7 N.E.3d 52 (Ill. App.     13
    Ct. 2014)

*Kelly v. Albarino*, 485 F.3d 666 (2d. Cir. 2007)                                9

*Kelly v. Golden*, 352 F.3d 344 (8th Cir.2003)                                  13

*Kimmel & Silverman, P.C. v. Porro*, 53 F. Supp.3d 325 (D. Mass. 2014)         13

*Lacher v. Engel,* 33 A.D.3d 10 (1st Dep't 2006)                                10

*Laub v. Pesikoff*, 979 S.W.2d 686 (Tx. Ct. App. (1st Dist.) 1998)             12

*Martin v. Dickson*, No. 03-7917, 100 F. App'x 14, 16, 2004 WL 1205185          18
    (2d Cir. 2004)

*MCI Telecomms. Corp. v. Tex. Utils. Elec. Corp.*, 995 S.W.2d 647 (Tex.       14-15
    1999)

*Michelo v. National Collegiate Student Loan Trust 2007-2*, 419 F. Supp.3d       9
    668 (S.D.N.Y 2019)

*In re Nation*, 236 B.R. 150 (S.D.N.Y.1999)                                     11

*Neitzke v. Williams*, 490 U.S. 319 (1989)                                      5

*O'Brien v. Gere Engineers v. City of Salisbury*, 135 A.3d 473, 447 Md.         13
    394 (Md. Ct Appeals 2016)

*OfficeMax Inc. v. Cinotti*, 966 F.Supp.2d 74 (E.D.N.Y. 2013)                   9

*Paisley v. Coin Device Corp.*, 5 A.D.3d 748 (2d Dep't 2004)                    18

*Phoenix Elec. Contracting, Inc. v. Lovece*, No. 93 Civ. 4340 (LMM), 1993     11
    WL 512917 (S.D.N.Y. Dec. 9, 1993)

*Rain v. Rolls–Royce Corp.,* 626 F.3d 372 (7th Cir. 2010)     13

*Rhea v. Uhry*, No. 3:05cv189 (RNC), 2005 WL 8167390 (D. Conn. Sept.     19
    21, 2005)

*Rickenbach v. Wells Fargo Bank, N.A.,* 635 F.Supp.2d 389 (D.N.J. 2009)     13

*Rosado-Acha v. Red Bull Gmbh*, No. 15 Civ. 7620 (KPF) 2016 WL     3
    3636672 (S.D.N.Y June 26, 2016)

*Sheidlin v. Brady*, No. 21-cv-1124-ljl, 2022 WL 1063678 (S.D.N.Y. April     11
    7, 2022)

*Tannerite Sports, LLC v. NBCUniversal News Group, a division of*     16
    *NBCUniversal Media, LLC*., 864 F.3d 236, (2d Cir. 2017)

*Verizon Directories Corp. v. Yellow Book USA, Inc.,* 309 F.Supp.2d 401     17
    (E.D.N.Y. 2004)

*Vivian v. Labrucherie*, 214 Cal.App.4th 267, 153 Cal.Rptr3d 707 (2013)     13

*Wexler v. Allegion (UK) Ltd.,* 374 F.Supp.3d 302 (S.D.N.Y. 2019)     12

*Whitten v. Vehicle Removal Corp*., 56 S.W.3d 293 (Tex. App. Dallas 2001)     15

*Young v. Sw. Airlines Co.*, 409 F.Supp.3d 110 (E.D.N.Y. 2017)     18

**Statutes**
Civil Rights Law Section § 70-A     1-2 & 5-8
Civil Rights Law Section § 76-A     1-2 & 5-8

**Other**
2019 NY A.B. 5991 (NS), New York Committee Report     6

## A. PRELIMINARY STATEMENT

Defendant Larry Miller ("Dr. Miller") respectfully requests that this action be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) and New York's Anti-SLAPP Statute, and, alternatively, he moves for a more definite statement with respect to every claim as detailed below.  Dr. Miller also seeks attorneys' fees and costs pursuant to New York Civil Rights Law § 70-A.[1]

All of Plaintiff Caleb Hernandez's claims arise from a letter sent on June 17, 2022 by Dr. Miller to the Honorable Lisa G. Beckman, U.S. Bankruptcy Judge for the Southern District of New York (the "Letter to Bankruptcy Judge"), in the bankruptcy proceeding of Certa Dose, Inc. ("Certa Dose"), which letter was posted by the Bankruptcy Court on the bankruptcy case docket along with other creditor letters.  Assuming the facts pleaded by Plaintiff Hernandez in his Verified Complaint ("Complaint") as true, along with the bankruptcy filings in the Certa Dose bankruptcy proceeding ("Bankruptcy Case"), of which this Court may take judicial notice as discussed below, this Court should dismiss Plaintiff Hernandez's claims in their entirety against Dr. Miller.

Plaintiff Hernandez's claims must be dismissed because: 1) all of the claims against Dr. Miller were asserted for an improper purpose to chill Dr. Miller's right to free speech and hhis right to participate in the public forum of the Bankruptcy Court and are barred by the New York's Anti-SLAPP Statute; 2) Dr. Miller's Letter to Bankruptcy Judge is absolutely privileged under the litigation privilege; 3) given that the Letter to Bankruptcy Judge is absolutely

---

[1] Defendant Eric Eisbrenner's deadline to answer or otherwise move with respect to unrelated claims, none of which arise from the Letter to Bankruptcy Judge, is September 14, 2022, and he will respond or move separately.

privileged, Dr. Miller as the writer is immunized from all liability for claims of reputational-type damage, whether in tort or contract, including the non-disparagement clause in the Separation Agreement signed by Dr. Miller in 2018 when he resigned as a director and officer of Certa Dose, and thus, Plaintiff Hernandez has no viable claim against Dr. Miller arising from the Letter to Bankruptcy Judge; 4) Plaintiff Hernandez's claims are preempted by the Bankruptcy Code, and, if he had a viable claim, he could have sought relief from the Bankruptcy Court, but he did not; 5) additionally, Plaintiff Hernandez has asserted causes of action sounding in product disparagement under New York law against Dr. Miller that are wholly inapplicable, insufficiency pled and likewise barred by the litigation privilege; and 6) since there can be no claim or liability against Dr. Miller arising from the Letter to Bankruptcy Judge, none of the claims can be amended or repled.  If for any reason this Court does not dismiss all of the claims, Dr. Miller requests that, due to the utter vagueness of the pleadings based on the letter in its entirety without identifying any defamatory statement on which any of the claims are based, the Court should order, pursuant to F.R.C.P. 12(e), that Plaintiff file a more definite statement.

This Court also should award Dr. Miller his attorneys' fees and costs under the Anti-SLAPP Statute.

**B.  BACKGROUND**

***Procedural Background***

On July 18, 2022, Plaintiff filed a Verified Complaint in the Supreme Court of the State of New York, County of New York, Index No. 652491/2022 (the "Complaint").  Brennan Decl. ¶ 1 Ex. A. On August 16, 2020, Dr. Miller removed this case to this Court. *Id.* at ¶ 2.

***Certa Dose Background***

Dr. Miller was an officer and member of the board of directors of Certa Dose, and he resigned from those positions in January 2018 and executed a Separation Agreement in connection therewith. *Id.* Ex. A (Ex. 1 - Separation Agreement). Plaintiff Hernandez is not a party to the Separation Agreement; Plaintiff signed the Separation Agreement as Chairman of the Board of Directors for Certa Dose. *Id.* The Separation Agreement does not indicate that Plaintiff Hernandez provided any consideration under the agreement. *Id.* The Separation Agreement does not prohibit Dr. Miller from asserting his rights as a creditor of Certa Dose or otherwise bar him from participating in the public forum of the Bankruptcy Court with respect to the Certa Dose Bankruptcy Case.

On May 30, 2021, Certa Dose filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, *In re Certa Dose, Inc.,* Bankruptcy Case No. 21-1104-lgb (the "Bankruptcy Case") and the proceeding remains open. Brennan Decl. Ex. B (Docket Sheet for Bankruptcy Case). References to the items on the Certa Dose docket are referred herein as "Certa Bankr. Docket No. __."[2]

Defendant Dr. Miller is a preferred stockholder creditor of Certa Dose and is listed as a creditor by Certa Dose in its filings in the Bankruptcy Case. Brennan Decl. Ex. B (Docket Nos. 37 & 74; Ex. C (Certa Dose filed lists of creditors).

Following (i) a Bankruptcy Court Order sanctioning Plaintiff Hernandez (Certa Dose's

---

[2] "Matters judicially noticed … are not considered matters outside the pleadings." *Geron v. Seyfath Shaw LLP*, 736 F.3d 213, 219 (2d Cir. 2013). A court may also consider in addressing a Rule 12(b)(6) motion "matters as to which judicial notice may be taken, such as pleadings in other lawsuits and other public records." *Rosado-Acha v. Red Bull Gmbh*, No. 15 Civ. 7620 (KPF) 2016 WL 3636672, *6 (S.D.N.Y June 26, 2016). This Court may take judicial notice of filings in a bankruptcy court proceeding. *Campos v. Aegis Realty Mgmt. Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, *4 (S.D.N.Y. 2020).

then-President) for refusing to comply with Bankruptcy Rule 2004 Discovery (Certa Bankr. Docket No. 271), (ii) Bankruptcy Court Orders barring Plaintiff Hernandez from communicating with Certa Dose's vendors, creditors and customers, along with other restrictions (Certa Bankr. Docket Nos. 298 & 312), (iii) a Motion by the Chapter 11 Trustee to convert the Bankruptcy Case from Chapter 11 to Chapter 7 (Certa Bankr. Docket No. 263), the Chapter 11 Trustee, among other things, entered into an agreement to sell privately substantially all of the assets of Certa Dose to Plaintiff Hernandez (Certa Bankr. Docket No. 321 (Exhibit 2)) and filed a motion for approval of such sale (Certa Bankr. Docket No. 321) for the reasons stated by the Chapter 11 Trustee in a declaration filed as Certa Bankr. Docket No. 326.  Brennan Decl. Ex. D.

Plaintiff also alleges that Dr. Miller "took efforts to purchase the assets of Certa Dose, Inc." Complaint ¶ 14.

On June 16, 2022, a hearing was held by the Bankruptcy Court in connection with the proposed agreement by the Chapter 11 Trustee to sell privately substantially all of Certa Dose's assets to Plaintiff Hernandez.  Brennan Decl. B (Certa Bankr. Docket No. 347).

On June 17, 2022, Dr. Miller emailed the Leetter to Bankruptcy Judge to Honorable Lisa Beckerman.  On June 17, 2022, this letter was posted as Certa Bankr. Docket No. 355 with the caption "Letter *Re Emails Received By the Court From Creditors."*  Brennan Decl. E.

On June 17, 2022, the Bankruptcy Court also posted other letters it received from creditors in connection with such motion as Certa Bankr. Docket Nos. 354 & 356.  Ex. B (Docket Sheet).

Plaintiff Hernandez alleges that Dr. Miller's statements were made in connection with his efforts to purchase the assets of Certa Dose, Complaint ¶ 15, and thus Plaintiff concedes that the Letter to the Bankruptcy Judge was a communication made during the course of a judicial

proceeding.

On June 22, 2022, the Bankruptcy Court entered an order approving the Chapter 11 Trustee's motion to sell privately substantially all assets of Certa Dose to Plaintiff Hernandez (Certa Bankr. Docket No. 360).

On July 11, 2022, the Bankruptcy Court entered an order converting the Certa Dose Bankruptcy Case from Chapter 11 to Chapter 7 (Certa Bankr. Docket No. 364).

Each of Plaintiff's claims arise from the Letter to Bankruptcy Judge in connection with the Certa Dose Bankruptcy Case.  Complaint ¶¶ 25-26, 32-36, 37-39, 40-41, 43-44, 46-48, and 49-50.

## C.    ARGUMENT

### I.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept the truth of factual allegations, it need not credit "a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Claims that lack an arguable basis in law warrant dismissal under Rule 12(b)(6). *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### II.    THIS COURT SHOULD DISMISS ALL OF PLAINTIFF'S CLAIMS

1. New York's Anti-SLAPP Statute Bars All Claims Relating to the Letter to Bankruptcy Judge.

All of Plaintiff Hernandez's claims must be dismissed pursuant to New York's amended Civil Rights Law Section §§ 70-A & 76-A (the "Anti-SLAPP Statute").  "SLAPP suits—

strategic lawsuits against public participation— are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future." *Aristocrat Plastic Surgery, P.C. v. Silva,* 206 A.D.3d 26, 28 (1st Dept 2022) (citations omitted). The Anti-SLAPP Statute is intended to, "protect citizens from frivolous litigation that is intended to silence their exercise of the rights of free speech and petition about matters of public interest." 2019 NY A.B. 5991 (NS), New York Committee Report; *Great Wall Med., P.C. v. Levine,* 74 Misc.3d 1224(A) (Sup. Ct. New York County 2022). As a public communication to a federal bankruptcy court in connection with a pending motion, Dr. Miller's Letter to Bankruptcy Judge falls within the protection of the Anti-SLAPP Statute. Moreover, the Bankruptcy Case remains pending, and Plaintiff Hernandez by challenging the entirety of the Letter to Bankruptcy Judge, and not any specific statement in the letter, seeks to chill Dr. Miller's right of free speech as well as his right to participate in the Bankruptcy Case and/or a public forum. Plaintiff's frivolous claims must be dismissed with prejudice in their entirety.

The New York Anti-SLAPP statute reads, in pertinent part, as follows:

Actions involving public petition and participation; recovery of damages. 1. A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action; provided that:

(a) costs and attorney's fees shall be recovered upon a demonstration, including an adjudication pursuant to subdivision (g) of rule thirty-two hundred eleven or subdivision (h) of rule thirty-two hundred twelve of the civil practice law and rules, that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a

substantial argument for the extension, modification or reversal of
existing law;

Civil Rights Law § 70-a.

1.   For purposes of this section:

(a)  An "action involving public petition and participation" is an action, claim,
cross claim or counterclaim for damages that is brought by a public applicant or
permittee, and is materially related to any efforts of the defendant to report on,
comment on, rule on, challenge or oppose such application or permission.

(b)  "Public applicant or permittee" shall mean any person who has applied for or
obtained a permit, zoning change, lease, license, certificate or other entitlement
for use or permission to act from any government body, or any person with an
interest, connection or affiliation with such person that is materially related to
such application or permission.

(c)  "Communication" shall mean any statement, claim, allegation in a
proceeding, decision, protest, writing, argument, contention or other expression.

Civil Rights Law § 76-a.

Here, Plaintiff's entire lawsuit in this case is "an action involving public petition" as

defined in Section 76-a(1)(a) because it is premised solely on Dr. Miller's efforts to comment on

Plaintiff Hernandez's application to purchase the assets of the Certa Dose bankruptcy estate from

the court appointed Chapter 11 Trustee.  The Bankruptcy Case dealt with matters of public

interest as that term is used in 76-a(1)(b) of the statute.  *See Center for Med. Progress v Planned*

*Parenthood Fedn. of Am.,* 551 F.Supp.3d 320, 332 (S.D.N.Y. 2021) (statements "made in

connection with civil and criminal actions against" plaintiffs published on Twitter and Rewire

News were issues of public interest under amended Anti-SLAPP law).  Furthermore, the Letter

to Bankruptcy Judge was a "communication" under Section 76-a(1)(c) of the statute because it

was made in the public bankruptcy proceeding in opposition to Plaintiff Hernandez's application

to purchase the substantially all of the assets of Certa Dose.  Even though Plaintiff Hernandez's

application to purchase Certa Dose's assets were approved by the Bankruptcy Court, over many

7

objections including that of Dr. Miller, Plaintiff Hernandez now seeks to punish Dr. Miller's communication made during the Bankruptcy Case and to silence him. Plaintiff Hernandez's objection wholesale to the Letter to Bankruptcy Judge – without identifying any defamatory statement – demonstrates that he seeks to chill Dr. Miller's right of free speech and right to participate in public forums. All of Plaintiff's claims in this case should be dismissed pursuant to the New York Anti-SLAPP statute.

The Anti-SLAPP Statute mandates that a successful defendant, here Defendant Dr. Miller, shall be awarded attorney's fees and costs. NY Civ. Rights Law § 70-A. Pursuant to that law, Dr. Miller (the defendant in an action involving public petition and participation, as defined in §76-a(1)(a)) may recover from Plaintiff Hernandez (the person who commenced such action) his costs and attorney's fees upon a demonstration that Dr. Hernandez's action was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law. Here, as set forth above, all of Plaintiff's claims in this case are subject to dismissal under the Anti-SLAPP Statute. There is no basis in law to maintain the actions, and none of his claims can be supported by a substantial argument for the extension, modification, or reversal of existing law. In fact, this action is precisely the kind of frivolous suit aimed at silencing free speech on an issue of public concern that the New York legislature intended to prevent. Accordingly, Defendant Dr. Miller should be awarded his attorney's fees and costs, and this Court should hold a separate hearing the amount of the award.

2.  <u>The Litigation Privilege Bars All Claims Relating to
Communications Made in a Judicial Proceeding.</u>

Plaintiff Hernandez also fails to state any claims against Dr. Miller in the Complaint

because the Letter to Bankruptcy Judge is absolutely privileged.  It is well-established New York

law that "'[s]tatements made by parties, attorneys, and witnesses in the course of a judicial or

quasi-judicial proceeding.... notwithstanding the motive with which they are made, so long as

they are material and pertinent to the issue to be resolved in the proceeding'" are absolutely

protected.  *OfficeMax Inc. v. Cinotti*, 966 F.Supp.2d 74, 79 (E.D.N.Y. 2013) (*quoting Bisogno v.

Borsa*, 101 A.D.3d 780, 781 (2d Dep't 2012)). The privilege "is the broadest possible of

privileges." *Kelly v. Albarino*, 485 F.3d 664, 666 (2d. Cir. 2007).  *See also Michelo v. National

Collegiate Student Loan Trust 2007-2*, 419 F. Supp.3d 668, 692 (S.D.N.Y 2019).  Immunity for

statements covered by the litigation privilege is absolute.  *OfficeMax,* 966 F.Supp.2d at 81-82

([t]he complete immunity for such statements is predicated upon the public interest in the

freedom of participants in litigation to "speak with that free and open mind which the

administration of justice demands") *citing D'Annunzio v. Ayken, Inc*., 876 F.Supp.2d 211, 217

(E.D.N.Y. 2012).

Plaintiff asserts with respect to each cause of action that the Letter to Bankruptcy Judge is

the predicate of the claim. Plaintiff Hernandez admits in his pleadings that the communication

was made in the Certa Dose Bankruptcy Case.  Brennan Decl. A (Complaint ¶ 15).  Dr. Miller

was a preferred stockholder creditor in the Bankruptcy Case, and he was listed as such by Certa

Dose in its filings. Brennan Decl. Ex. B (Docket Nos. 37 & 74; Ex. C (Certa Dose filed lists of

creditors).  Plaintiff Hernandez also claims that Dr. Miller was an interested party who sought to

acquire the assets of Certa Dose. *Id*. Ex. A (Complaint ¶¶ 15 & 18).  The Letter to Bankruptcy

Judge was posted by the Bankruptcy Court as a creditor communication along with objections

from other creditors on the docket the same day. Brennan Decl. Ex. B (Docket Sheet).  Certa Bankr, Docket No. 354-6; see Brennan Decl. E.  355 captioned "Letter *Re Emails Received By the Court From Creditors."*  Accordingly, it is undisputed that communication in question was made by an interested party in a judicial proceeding.  The subject matter of the Letter to Bankruptcy Judge was material and pertinent to the issues being resolved in the Bankruptcy Case because it related to the purchase of Certa Dose's assets.  "In this regard, allegedly defamatory statements are protected if they 'may possibly be pertinent' to a proceeding*."  Lacher v. Engel,* 33 A.D.3d 10, 14 (1st Dep't 2006) *(quoting Bensky v. Warden*, 258 N.Y. 55, 59 (1932).  "The test of pertinency in this regard is extremely liberal so as to embrace anything that may possibly or plausibly be relevant or pertinent."  *Black v. Green Harbour Homeowners Ass'n,* 19 A.D.3d 962 (1st Dep't 2005).  Plaintiff Hernandez concedes in the Complaint that Dr. Miller's statements were made in connection with his efforts to purchase the assets of Certa Dose, Complaint ¶ 15, which assuming it as true for purposes of this motion, demonstrates that the Letter to Bankruptcy Judge was relevant and pertinent and therefore absolutely privileged.

Since the Letter to Bankruptcy Judge is covered by the New York litigation privilege, Plaintiff Hernandez cannot assert any claims, whether in tort or contract, against Dr. Miller arising from such communication.  Thus, all of Plaintiff Hernandez's causes of action against Dr. Miller must be dismissed.

### 3.  The Bankruptcy Code Preemption Defense Bars All Claims.

"No authorized proceeding in bankruptcy can be questioned in a state court or used as the basis for the assertion of a tort claim in state court against any defendant." *Astor Holdings, Inc. v. Roski*, 325 F.Supp.2d 251, 261 (S.D.N.Y. 2003) *citing Choy v. Redland Ins. Co.*, 103 Cal.App.4th 789, 127 Cal.Rptr.2d 94, 103 (2002).  In *Astor Holdings*, the plaintiff attempted to

bring state court claims alleging various abuses of the bankruptcy code and procedures. The court dismissed those claims citing to the Second Circuit's decision in *Eastern. Equip. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117 (2d Cir. 2000) for the proposition that the district courts "simply lack jurisdiction to hear claims asserting violations" of bankruptcy provisions that sound in state law." *Id.* at 120-21. This Court explained,

> the factors considered by the Second Circuit in reaching this conclusion relate to all aspects of the bankruptcy process, not just the automatic stay provision:
>
> > (1) Congress placed bankruptcy jurisdiction exclusively in the district courts under 28 U.S.C. § 1334(a);
> >
> > (2) Congress created a lengthy, complex and detailed Bankruptcy Code to achieve uniformity;
> >
> > (3) the Constitution grants Congress exclusive power over the bankruptcy law, see U.S. Const. art. I, § 8. cl. 4;
> >
> > (4) the Bankruptcy Code establishes several remedies designed to preclude the misuse of the bankruptcy process; and
> >
> > (5) the mere threat of state tort actions could prevent individuals from exercising their rights in bankruptcy, thereby disrupting the bankruptcy process.

*Id*. at 121; *see also Phoenix Elec. Contracting, Inc. v. Lovece*, No. 93 Civ. 4340 (LMM), 1993 WL 512917, at *3 n.1 (S.D.N.Y. Dec. 9, 1993) (noting "extensive authority to support the finding that preemption is indeed at issue" when state tort claim is predicated upon the invalidity of "an action taken in a bankruptcy proceeding"); *In re Nation*, 236 B.R. 150, 155 n.7 (S.D.N.Y. 1999).

Plaintiff Hernandez had every opportunity to address any claims of alleged false statements in the Bankruptcy Case and to seek redress for any alleged wrongdoing from the Bankruptcy Court, but he did not. *Sheidlin v. Brady*, No. 21-cv-1124-ljl, 2022 WL 1063678, * 15 (S.D.N.Y. April 7, 2022). Since the Bankruptcy Court for the Southern District of New York

has exclusive jurisdiction over bankruptcy matters before it under 28 U.S.C. § 1334(a), Plaintiff

Hernandez's tort and contract claims complaining about Dr. Miller's communication in the

Bankruptcy Case is preempted and must be dismissed.

> 4. <u>Plaintiff's Claim for Breach of Contract Seeking Reputational Damage Fails</u>.

*First*, Plaintiff Hernandez's First Cause of Action for breach of a non-disparagement

clause in Dr. Miller's Separation Agreement with Certa Dose must be dismissed because the

absolute privilege completely immunizes a speaker or writer from liability for an otherwise

defamatory statement.  New York courts have specifically held that a communication protected

by the litigation privilege cannot serve as a basis for a claim for breach of a non-disparagement

clause.  *See, e.g., Arts4All, Ltd. v. Hancock*, 5 A.D.3d 106, 107 (1st Dep't 2004).  In *Arts4All*, the

First Department dismissed claims of libel and breach of a non-disparagement clause in a

Separation Agreement arising from the defendant's letter to a judge because such communication

was absolutely privileged.  *Id.*; *see also Wexler v. Allegion (UK) Ltd.,* 374 F.Supp.3d 302, 313

(S.D.N.Y. 2019) (report relating to judicial proceeding found to be absolutely privileged did not

give rise to liability for either a claim in defamation or breach of a non-disparagement clause).

Both parties agree that Texas law applies to the Separation Agreement. Brennan Decl.

Ex. A (Complaint ¶ 20) & (Separation Agreement ¶ 20). Texas law also bars claims arising from

communications that are absolutely privileged.  "Texas courts have consistently applied the

[judicial communication] privilege to claims arising out of communications made in the course

of judicial proceedings, *regardless of the label placed on the claim*."  *Laub v. Pesikoff*, 979

S.W.2d 686 (Tx. Ct. App. (1st Dist.) 1998) (emphasis added); *see also Bird v. W.C.W.*, 868

S.W.2d 767 (Tx. Sup. Ct. 1994); *5-State Helicopters, Inc. v. Cox*, 146 S.W.3d 254 (Tx. Ct. App.

Ft. Worth 2004) (court barred claim for tortious interference with contract because it sought defamation-type damages relating to a communication that was absolutely privileged).

Many other jurisdictions have approved the use of the litigation privilege as a defense to claims sounding in breach of contract. *See, e.g., O'Brien v. Gere Engineers v. City of Salisbury*, 135 A.3d 473 484, 447 Md. 394, 412 (Md. Ct Appeals 2016) (applying Maryland law).  *See also Kimmel & Silverman, P.C. v. Porro,* 53 F.Supp.3d 325, 343–44 (D. Mass.2014) (Applying Massachusetts Law); *Johnson v. Johnson & Bell, Ltd.,* 379 Ill. Dec. 626, 7 N.E.3d 52, 56 (Ill.App. Ct. 2014); *Vivian v. Labrucherie,* 214 Cal.App.4th 267, 153 Cal.Rptr.3d 707, 715 (2013); *Rain v. Rolls–Royce Corp.,* 626 F.3d 372, 377–78 (7th Cir. 2010) (Applying Indiana Law); *Rickenbach v. Wells Fargo Bank, N.A.,* 635 F.Supp.2d 389, 401–02 (D.N.J.2009) (Applying New Jersey Law); *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP,* 440 F.Supp.2d 1184, 1195–97 (D. Nev.2006) (Applying Nevada Law);  *Kelly v. Golden,* 352 F.3d 344, 350 (8th Cir.2003) (Applying Missouri Law); *Cf. Ellis v. Kaye–Kibbey,* 581 F.Supp.2d 861, 879–81 (W.D. Mich.2008) (Applying Michigan Law).

These courts have explained that the privilege would be "valueless" or "meaningless" if the opposing party could bar application of the privilege just by drafting the claim with a non-tort label. *Kimmel & Silverman, P.C.,* 53 F.Supp.3d at 343; *Johnson,* 7 N.E.3d at 56; *see Rickenbach,* 635 F.Supp.2d at 401 ("If the policy, which in defamation actions affords an absolute privilege or immunity to statements made in judicial and quasi-judicial proceedings, is really to mean anything then we must not permit its circumvention by affording an almost equally unrestricted action under a different label.") (citations and internal quotation marks omitted).

Second, Plaintiff Hernandez has no standing to bring such claims since he is not a third-party beneficiary under Texas law and the Separation Agreement provides him no remedy.

The most recent Texas Supreme Court pronouncement of Texas law defining the third-party beneficiary rule is *First Bank v. Brumitt*, 519 S.W.3d 95 (Tex. 2017). That case states:

> As a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and 'no person can sue upon a contract except if he be a party to or in privity with it.' *citing House v. Hous.[ton] Waterworks Co.*, 88 Tex. 233, 31 S.W. 179, 179 (1895). An exception to this general rule permits a person who is not a party to the contract to sue for damages caused by its breach if the person qualifies as a third-party beneficiary. *See, e.g., MCI Telecomms. Corp. v. Tex. Utils. Elec. Corp.*, 995 S.W.2d 647, 651 (Tex. 1999).
>
> …
>
> **To create a third-party beneficiary, the contracting parties must have intended to grant the third party the right to be a "claimant" in the event of a breach.**

*First Bank*, 519 S.W.3d at 102 (emphasis added). Texas law is clear that a non-party to a contract has no standing to sue to enforce the contract unless he can show that the contracting parties specifically intended him to gain a benefit from the contract *and* intended that he could sue as a claimant to recover that benefit in the case of a breach. In this case, Plaintiff cannot demonstrate either of those factors.

On its face, the Separation Agreement ¶ 12 does not grant any direct benefit to Plaintiff. Brennan Decl. Ex. A (Complaint Ex. 1) Dr. Miller promised the Company that he will not discuss, comment on, or disparage the Company, its officers, directors, employees, stockholders, and agents, in any manner likely to be harmful to its or their business, business reputation, or personal reputation. The express language of that paragraph does not indicate that the promise was meant to benefit the individual officers, directors, employees, stockholders or agents of the Company. It is a promise made to the Company for the benefit of the Company. Indeed, ¶ 20 of

the Separation Agreement defines who the agreement is supposed to benefit saying, "This Agreement shall bind and inure to the benefit of the heirs, personal representatives, successors and assigns of both [Dr. Miller] and the Company." It does not say it is for the benefit of any of the other "Released Parties." Any benefit that Plaintiff Hernandez might have gained from ¶ 12 of the Separation Agreement was purely incidental. "The fact that a person might receive an incidental benefit from a contract to which he is not a party does not give that person a right of action to enforce the contract." *Basic Capital Management v. Dynex Commercial*, 348 S.W.3d 894, 899–900 (Tex. 2011) (*quoting MCI Telecomms. Corp. v. Texas Utils. Elec. Corp.*, 995 S.W.2d 647, 651 (Tex.1999)). "A third party may recover on a contract made between other parties *only if* the contracting parties intended to secure some benefit to the third party, *and only if* the contracting parties entered into the contract directly for the third party's benefit." *Basic Capital Management*, 348 S.W.3d at 900 (emphasis added).

In *Whitten v. Vehicle Removal Corp.*, 56 S.W.3d 293, 311 (Tex. App. Dallas 2001), the court summarized applicable Texas law concluding that a court will not confer third-party beneficiary rights under a contract unless:

> (3)    the contract plainly expresses the third party obligation of the bargain-giver,

> (2) it is unmistakable that a benefit to the third party is within the contemplation of the primary contracting parties, and

> (3) the primary parties contemplate that the third party would be vested with the right to sue for enforcement of the contract.

*Whitten*, 56 S.W.3d at 311. There is no language in ¶ 12, or elsewhere in the Separation Agreement, that indicates an intention of the parties to permit anyone other than the Company to sue to enforce the promise made in ¶ 12.

Assuming for the sake of argument that Dr. Hernandez does have a right to sue for an alleged breach of the anti-defamation provisions in ¶ 12 of the Separation Agreement, the agreement provides him with no remedy. The only remedy the "Released Parties" are allowed is to "recover and/or cease providing the consideration provided to [Dr. Miller]] under the agreement." Separation Agreement ¶ 18.  On its face, Plaintiff Hernandez did not provide any consideration to Dr. Miller in connection with the Separation Agreement, and thus he has no damage remedy.

> 5.  The Abuse of Process Claim Fails Given that the Letter to Bankruptcy Judge Does Not Constitute Regularly Issued Process.

Plaintiff's Second Cause of Action for abuse of process also fails because sending the Dr. Miller's Letter to Bankruptcy Judge does not constitute inducement of regularly issued process, nor is a collateral objective alleged.  *See, e.g., Gilman v. Marsh & McLennan Cos., Inc.*, 868 F.Supp.2d 118, 130-31 (S.D.N.Y. 2012).  The Certa Dose Bankruptcy Case was pending at the time the letter was sent, and Plaintiff has not pleaded any facts indicating that the letter itself constituted or induced any regularly issued process to transpire, nor can he do so.

> 6.  Claims of Defamatory Injury to Reputation and Libel Fail.

Plaintiff attempts to plead a cause of action for defamatory injury to reputation (Third Cause of Action) and a similar claim of libel (Fifth Cause of Action).  Simply referring to Letter to Bankruptcy Judge and claiming it caused injury is not enough.  It is well-established New York law that "a plaintiff must plead facts demonstrating falsity to prevail on a motion to dismiss the complaint in federal court." *Tannerite Sports, LLC v. NBCUniversal News Group, a division of NBCUniversal Media, LLC*., 864 F.3d 236, 247 (2d Cir. 2017).  The Second Circuit found that merely attaching a copy of an article without specifying the offending statements does not satisfy required pleading standards. *Id.* at 251.

16

Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim. Our defamation jurisprudence has emphasized that "the complaint [must] afford defendant sufficient notice of the communications complained of to enable him to defend himself." As a practical matter, this rule requires the plaintiff to identify not only the publication, but also the respect in which it was allegedly false. A publication of even brief length often includes thousands of direct statements and implied messages whose veracity could be questioned by a defamation plaintiff. Some specificity is necessary so defendants and courts may address themselves to the parts of a communication alleged to be false and defamatory instead of those not objected to.

*Id.* (internal citations omitted).  Accordingly, the defamatory injury to reputation and libel claims should be dismissed on this additional ground.

### 7.  The Injurious Falsehood Claim Fails.

Plaintiff's Fourth Cause of Action for injurious falsehood also fails to state a claim under New York law on its face.  The Letter to Bankruptcy Judge related to Dr. Miller's objection to the approval of Plaintiff Hernandez's agreement with the Chapter 11 Trustees to purchase Certa Dose's assets in the Bankruptcy Case.  It was not a claim asserted against Certa Dose regarding the quality of Certa Dose's products.  Under New York law, claims sounding in injurious falsehood are limited to those denigrating the quality of a business's goods and/or services.  *See, e.g., Grayson v. Ressler & Ressler*, 271 F. Supp.3d 501, 519 (S.D.N.Y. 2017).

### 8.  The Product Disparagement Claim Fails.

Plaintiff likewise fails to state a claim for product disparagement in his Sixth Cause of Action.  Under New York law, product disparagement refers to words or conduct that tend to reflect negatively on the quality, condition or value of a product, and special damages must be alleged.  *Verizon Directories Corp. v. Yellow Book USA, Inc.,* 309 F.Supp.2d 401, 406 (E.D.N.Y. 2004).  Here, no product is identified as having been disparaged and no special damages relating to such product disparagement are pled, nor can they be.

9. <u>No Claim for Punitive Damages Exists Under New York Law</u>.

"New York does not recognize an independent cause of action for punitive damages." *Young v. Sw. Airlines Co.*, 409 F.Supp.3d 110 (E.D.N.Y. 2017) *citing Martin v. Dickson*, No. 03-7917, 100 F. App'x 14, 16, 2004 WL 1205185 *2 (2d Cir. 2004) (*citing Paisley v. Coin Device Corp.*, 5 A.D.3d 748, 750 (2d Dep't 2004)). Plaintiff's Seventh Cause of Action fails to state a claim and must be dismissed.

10. <u>F.R.C.P. Rule 8 Requires Dismissal of All Claims, or Alternatively, a More Definite Statement Pursuant to F.R.C.P. 12(e)</u>.

Each of the Plaintiff's causes of action violate F.R.C.P. 8 because they fail to include a short and plain statement of the claim. Each cause of action states that the Letter to the Bankruptcy Judge *in its entirety* constitutes a wrong without indicating which statement or statements, if any, within the letter constitute defamation and/or wrongdoing. As an example, in the Third Cause of Action for Defamatory Injury to Reputation, Plaintiff alleges that "by making and publishing the communications in Exhibit 3 hereto [the entire Letter to Bankruptcy Judge], Defendant Miller caused a continuing injury." All of the allegations against Defendant Miller fail to satisfy F.R.C.P. 8 and should be dismissed.

Plaintiff Hernandez should not granted leave to replead because the statements comprising the Letter to the Bankruptcy Judge are absolutely protected by the litigation privilege, and any attempt by Plaintiff Hernandez to perpetuate any of the claims in this suit are barred by New York's Anti-SLAPP Statute in order that Dr. Miller's right to free speech and right to participate in the public form of the Bankruptcy Court to assert his rights as a creditor or otherwise as an interested party are protected. If for any reason this Court were to determine that

any of the claims should not be dismissed, Defendant Miller asks this Court to order to a more definite statement of claims under F.R.C.P. 12(b)(6). *See, e.g. Rhea v. Uhry*, No. 3:05cv189 (RNC), 2005 WL 8167390, * 1 (D. Conn. Sept. 21, 2005) (vague explanation of defamatory statement insufficient and a more definite statement ordered).

## D. CONCLUSION

For the reasons set forth herein, Defendant Miller respectfully requests that this Court dismiss each and all of Plaintiff Hernandez's causes of action in the Complaint with prejudice and that the Court award Dr. Miller his attorney's fees and costs under the Anti-SLAPP Statute.

Respectfully submitted,

BRENNAN LAW FIRM PLLC

By: _Kerry A. Brennan_____
Kerry A. Brennan

902 Broadway, 6th Floor
New York, NY  10010
kerry.brennan@brennanlawpllc.com
Tel.: 212-729-1980

Counsel for Defendant Larry Miller

19

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been forwarded by email to the following on this 26th day of August, 2022:

Mr. Josue D. Hernandez,
LAW OFFICE OF ANAITALE VINSKY, P.C., Of Counsel,
Bay Parkway
Brooklyn, NY 11204-5508
VIA EMAIL:  jhernandez@denvercontractlaw.com

By:  _Kerry A. Brennan_

Kerry A. Brennan