# BRENNAN LAW FIRM PLLC
## 902 BROADWAY, 6TH FLOOR
## NEW YORK, NY 10010

Kerry A. Brennan
kerry.brennan@brennanlawpllc.com
212.729.1980

**BY ECF**

September 15, 2022

Honorable Judge Vernon S. Broderick
United States District Court Judge
Thurgood Marshall
United States Courthouse
New York, New York 10007

> Defendant Miller's request for oral argument is denied. I will order argument shall I deem it helpful to resolve the motions. I will hold any further decision on the parties' letter-motions, (Docs. 27, 31), in abeyance until after the hearing on Plaintiff's motion for a preliminary injunction and temporary restraining order on September 28, 2022. The parties should be prepared to discuss these issues at that hearing. All deadlines unrelated to Plaintiff's motion for emergency injunctive relief, (Doc. 26), are adjourned sine die in the interim.
>
> SO ORDERED:    09/19/22
>
> _[signature]_
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

**Re: *Caleb Hernandez v. Larry Miller et al*, Case No. 1:22-cv-6964-VSB**

Judge Broderick:

Pursuant to Rule 7.1(d), Defendants Dr. Miller and Eric Eisbrenner seek the relief set forth below with respect to Defendants' respective pending motions to dismiss, the time to answer the Amended Verified Complaint ("Amended Complaint"), and Dr. Miller's request for limited discovery relating to the Amended Complaint.

### Defendant Dr. Larry Miller's Motion to Dismiss

First, Defendant Dr. Larry Miller requests oral argument on his Motion to Dismiss. Undersigned counsel is available on October 6, 2022 or any date after that date except for November 2, 2022 (when undersigned counsel has a mediation scheduled). Undersigned counsel is unavailable between September 21, 2022 and October 4, 2022 because of a long planned trip abroad. Plaintiff's counsel consents to oral argument.

In *Pettaway v. National Recovery Solutions, LLC*, 955 F.3d 299, 304 (2d. Cir. 2020), the Second Circuit adopted the rule that district courts within this Circuit have the option to hear a motion to dismiss notwithstanding the filing of an amended complaint. Dr. Miller requests that this Court hear the Motion to Dismiss which has now been fully briefed and for the reasons stated in Dr. Miller's reply brief the Amended Complaint (i) perpetuates Plaintiff Hernandez's campaign to chill Dr. Miller's right to free speech and petition rights, and (ii) does not cure the pleading deficiencies in the Amended Complaint.

1

Relief Sought:  Defendant Larry Miller requests that this Court, notwithstanding Plaintiff Caleb Hernandez's filing of an Amended Complaint, ECF Dkt. Nos. 24 & 25, (i) hear Defendant Larry Miller's Motion to Dismiss the Original Complaint, ECF Dkt. Nos. 3-5, because, for the reasons stated in Dr. Miller's motion to dismiss, the Amended Complaint does not cure the deficiencies in the Original Complaint relating to the claims arising from the privileged Letter to Bankruptcy Judge as addressed in the papers filed in support of Dr. Miller's motion to dismiss; and (ii) stay Dr. Miller's time to answer the Amended Complaint until ten (10) days after a decision is issued Motion to Dismiss.

### **Defendant Eric Eisbrenner's Motion to Dismiss**

Defendant Eisbrenner filed a separate Motion to Dismiss for various reason including improper service in Texas when he has resided in Illinois since 2019, lack of personal jurisdiction and failure to state a claim.  ECF Dkt. Nos. 16-19.  The claim against Defendant Eisbrenner arose in 2020 and is not related to the Letter to Bankruptcy Judge on which the alleged claims against Dr. Miller are predicated.  Plaintiff Hernandez filed an Amended Complaint against Defendant Eisbrenner, ECF Dkt. No. 25, which also does not cure any of the deficiencies in the sole claim against him as set forth in the Original Complaint.

Defendant Eisbrenner's Motion to Dismiss seeks dismissal of the single cause of action against him on multiple grounds including improper service and this Court's lack of personal jurisdiction over Eisbrenner.

The service of process effectuated in Texas was improper on various grounds as stated in the motion including that Eisbrenner resides in Illinois and not Texas.  If this Court determines for any reason that an evidentiary hearing is required, Eisbrenner requests limited discovery to take the deposition of the process server in Texas.

With respect to the lack of personal jurisdiction argument, given that even the newly Amended Complaint is devoid of basic information, limited discovery is necessary.  The Original Complaint alleged a solitary January 2020 instance in which an unnamed "investor" had a telephone call with Eisbrenner about Certa Dose in which Eisbrenner allegedly made disparaging remarks about Plaintiff Hernandez.  The Original Complaint does not state: (i) where the call participants were located during the call, (ii) who initiated the call, (iii) the role of the caller as an officer of Certa Dose at the time of the call, and (iv) the purpose of the call.  In the Amended Complaint, Plaintiff Hernandez merely added the identity of the caller as Dan Hoffman and did not provide any of the above necessary information although Eisbrenner's motion to dismiss filed and served before the filing of the Amended Complaint raised these deficiencies.  This information is necessary for assessing the argument that this Court lacks jurisdiction over Eisbrenner, who has been a resident of Illinois since August 2019.

Relief Sought:

1. Defendant Eisbrenner seeks limited discovery as to (i) where the January 2020 telephone call participants were located during the call, (ii) confirmation that Mr. Hoffman was as an officer of Certa Dose at the time of the call, (iii) who initiated the

2

call, and (iv) the purpose of the call. Eisbrenner submits that this information can be obtained from two sources: (a) a limited two (2) hour deposition of third-party Dan Hoffman who will be subpoenaed, and (b) disclosure, within five (5) business days, by Plaintiff Hernandez of a copy of a recording of the phone call, which upon information and belief, was illegally recorded by Mr. Hoffman without Defendant Eisbrenner's consent and which recording was on Mr. Hoffman's computer when he turned it over to Plaintiff Hernandez.

2. Defendant Eisbrenner further requests that (i) his deadline to file his reply papers on his Motion to Dismiss is adjourned until ten (10) days after the deposition of Mr. Hoffman is completed and the telephone recording is turned over to undesigned counsel; and (ii) his deadline to answer the Amended Complaint is adjourned until ten (10) days after a decision is issued his Motion to Dismiss.

On February 15, 2022, counsel for Plaintiff Hernandez was provided with a copy of this letter and the relief sought. Plaintiff's counsel said that he needs to amend the Amended Complaint further and will need Court approval to do so. Plaintiff's counsel has advised us, other than agreeing to oral argument, Plaintiff does not consent to the relief sought herein.

                                        Sincerely,

                                        *Kerry A. Brennan*

                                        Kerry A. Brennan

cc: Ron A. Sprague, Esq.