```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CALEB S. HERNANDEZ,                                         :
                                                            :
                          Plaintiff,                        :
                                                            :      22-CV-6964 (VSB)
            -against-                                       :
                                                            :            ORDER
                                                            :
LARRY MILLER, et al.,                                       :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me are Defendants' letter-motion requesting that I consider their motions to dismiss in light of Plaintiff's Amended Complaint, (Doc. 27), Plaintiff's response letter that I disregard their motions, (Doc. 31), and Defendant Eric Eisbrenner's opposition to Plaintiff's motion for entry of default, (Doc. 21). Defendants' motion that I hear their motions to dismiss, (Doc. 27), is GRANTED,[1] and the Clerk's Certificate of Default as to Defendant Eisbrenner is vacated.

## I. Procedural History

On August 16, 2022, Defendant Larry Miller filed a Notice of Removal from New York Supreme Court, County of New York, in this action. (Doc. 1.) Defendant Eric Eisbrenner consented to the removal. (*See* Doc. 21-3.) According to the Notice of Removal, neither Defendant Eisbrenner nor Defendant Miller had filed an answer in the state court action. (*See*

---

[1] I have already denied without prejudice Defendant Larry Miller's request in the letter-motion for oral argument. (Doc. 32.) As discussed *infra*, Defendant Eisbrenner's motion for limited discovery is denied without prejudice, but will be discussed at the hearing on Plaintiff's motion for emergency injunctive relief scheduled for September 28, 2022.

*id*.)  On August 26, 2022, Defendant Miller filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a More Definite Statement pursuant to Rule 12(e).  (Doc. 3.)  On August 30, 2022, Plaintiff filed a Proposed Certificate of Default as to Defendant Eisbrenner.  (Doc. 9.)  On September 7, 2022, Defendant Eisbrenner filed a motion to dismiss pursuant to Rule 12(b)(2), 12(b)(5), and 12(b)(6) or for a More Definite Statement pursuant to Rule 12(e).  (Doc. 16.)  The Clerk of Court entered a Certificate of Default as to Defendant Eisbrenner that same day.  (Doc. 22.)  To date, Plaintiff has not filed an Order to Show Cause or any of the materials required by my Individual Rules & Practices in Civil Cases in order to seek a default judgment against Defendant Eisbrenner.  On September 8, 2022, Defendant Eisbrenner filed a response in opposition to Plaintiff's request for default judgment and attested that he had never been served with the complaint in the state action.  (Docs. 21, 21-2.)  On September 12, 2022, Plaintiff filed the Amended Complaint.  (Doc. 25.)  On September 15, 2022, Defendants submitted a joint letter-motion in which (1) both Defendants requested that I consider their motions to dismiss in light of Plaintiff's Amended Complaint, and (2) Defendant Eisbrenner moved for limited discovery to establish that, for purposes of his motion, personal jurisdiction does not exist.  (Doc. 27.)

## II. Defendant Eisbrenner's Default

Where a default judgment has yet to be entered, Rule 55(c) of the Federal Rules of Civil Procedure governs a court's review of whether to vacate a defendant's default.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (Under Rule 55(c), "[a] court may set aside any default that has entered for good cause shown").  "A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge."  *State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 455 (2d Cir. 2011) (summary order) (citing *Marziliano v. Heckler*,

728 F.2d 151, 156 (2d Cir. 1984)).  Under Rule 55(c), a court may set aside an entry of default if it finds that good cause exists, Fed. R. Civ. P. 55(c), based on a review of the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Peterson*, 467 F. App'x. at 33.  The Second Circuit generally disfavors defaults and maintains a strong preference for resolving disputes on the merits.  *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001).  "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  *Enron*, 10 F.3d at 96.

Here, Defendant Eisbrenner's delay in filing his motion to dismiss was not willful. "'Willfulness,' in the context of a default, refers to conduct that is *more* than merely negligent or careless." *Walden v. Lorcom Techs., Inc.*, No. 05-CV-3600 (ARR)(RER), 2007 WL 608151 at *3 (E.D.N.Y. Feb. 23, 2007) (emphasis in original) (citing *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).  Defendant Eisbrenner filed his motion to dismiss along with a declaration attesting that he was not served with the complaint in the state action and did not learn of the action until August 16, 2022.  (Docs. 16, 18.)  Defendant Eisbrenner then, upon notice, filed a responsive motion to dismiss.  (*See id.*)  This delay will also not prejudice Plaintiff's case.  Delay alone does not establish the prejudice required to defeat a motion to vacate a default.  *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron Oil Corp.*, 10 F.3d at 98).  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  This minor delay has not caused Plaintiff cognizable prejudice, a fact that Plaintiff does not dispute, especially at this early

stage in the litigation before discovery has commenced.  Third, Defendant Eisbrenner has presented a meritorious defense.  A movant need not show that its defense is "likel[y] . . . [to] carry the day," *Johnson*, 324 F.R.D. at 71–72 (quoting *Enron Oil Corp.*, 10 F.3d at 98), but rather must "present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (citation omitted).  Defendant Eisbrenner meets this "low threshold," *Johnson*, 324 F.R.D. at 72, because he has presented evidence of facts that, if true, could foreclose Plaintiff's claims on the basis of absence of personal jurisdiction.  (*See* Docs. 16–18.)

Because the three good cause factors weigh in Defendant Eisbrenner's favor, I find that Defendant Eisbrenner demonstrated good cause under Rule 55(c), and accordingly set aside the Clerk's Certificate of Default.

### III. Defendants' Motions to Dismiss

Defendants ask that I consider their motions to dismiss in light of Plaintiff's Amended Complaint.  (Doc. 27.)  "[W]hen a plaintiff properly amends [a] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020).  Therefore, because both Defendants have appeared in the case, filed responsive motions to dismiss, and properly requested that I consider their motions in light of the Amended Complaint, I will consider their pending motions to dismiss.

### IV. Conclusion

For the foregoing reasons, Defendants' request that I hear their motions to dismiss in light of the Amended Complaint, (Doc. 27), is GRANTED.  Defendant Eisbrenner's request for

limited discovery is DENIED without prejudice. Defendant Eisbrenner should be prepared to discuss this request at the hearing on Plaintiff's motion for emergency injunctive relief on September 28, 2022. Defendant Eisbrenner's Certificate of Default is also vacated.

The Clerk of Court is respectfully directed to close the open motion at Doc. 27.

SO ORDERED.

Dated: September 22, 2022
   New York, New York

Vernon S. Broderick
United States District Judge