UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :
CALEB S. HERNANDEZ,                                 :
                                                    :
                        Plaintiff,                  :
                                                    :          22-CV-6964 (VSB)
            -against-                               :
                                                    :          **ORDER**
                                                    :
LARRY MILLER, et al.,                               :
                                                    :
                        Defendants.                 :
                                                    :
-------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Plaintiff Caleb Hernandez moves for sanctions under Fed. R. Civ. 11.  (Doc. 81.)  He

asserts that Defendants have interposed frivolous legal defenses as part of their motions to

dismiss and that sanctions are therefore warranted.  This motion (the "Rule 11 Motion") is

premature and so is DENIED.

"A pleading, motion or other paper violates Rule 11 . . . where, after reasonable inquiry, a

competent attorney could not form a reasonable belief that the pleading is . . . warranted by

existing law or a good faith argument for the extension, modification or reversal of existing law."

*Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266 (PMH), 2022 WL 564048, at *4

(S.D.N.Y. Feb. 23, 2022) (quoting *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d

Cir. 2019)).

But, while sanctions under Rule 11 may be warranted for unsupportable legal arguments,

courts frequently deny them as premature when the motion would force a court to prejudge the

merits of a party's legal arguments.  "[I]t is anticipated that in the case of pleadings the sanctions

issue under Rule 11 normally will be determined at the end of the litigation, and in the case of

motions at the time when the motion is decided or shortly thereafter." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 n.19 (1991) (quoting Advisory Committee Notes on 1983 Amendment to Rule 11).

In *Safe-Strap Co. v. Koala Corp.*, for example, a court denied a Rule 11 motion as premature where ruling on the motion would have amounted to a ruling on the merits of the case before a motion to dismiss or summary judgment proceeding. 270 F. Supp. 2d 407, 419 (S.D.N.Y. 2003). *Koala Corp.* went on to note that "Rule 11 motions should not be employed to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." *Id.* at 416 (cleaned up). Similarly, in *Baskin v. Lagone*, a court denied a Rule 11 motion where it was "premature to ascertain[] that the Plaintiffs' Amended Complaint is not grounded in fact or warranted by existing law, as Rule 11 requires before sanctions can be imposed." No. 90 CIV. 5478 (RPP), 1993 WL 59781, at *6 (S.D.N.Y. Mar. 3, 1993). Other courts in this District have taken a similar posture. *See, e.g.*, *Yousef v. Al Jazeera Media Network*, No. 16-CV-6416 (CM), 2018 WL 6332904, at *2 (S.D.N.Y. Oct. 31, 2018) (denying a Rule 11 motion where the merits of the case had not yet been resolved); *Sang Lan v. Time Warner, Inc.*, No. 11 CIV. 2870 AT JCF, 2015 WL 4469838, at *2 (S.D.N.Y. July 13, 2015) ("I decline to consider this [Rule 11] motion until the plaintiff's claims are addressed on their merits through an appropriate dispositive motion or at trial.") Indeed, even when a court is faced with a frivolous action, it should consider dismissal through dispositive motions such as summary judgment as a "first option" and only resort to "the imposition of sanctions . . . [as] a choice of last resort." *Koala Corp.*, 270 F. Supp. 2d at 419.

Hernandez's Rule 11 Motion is premature given the posture of this case. Defendants have filed motions to dismiss. (Docs. 3, 16.) Hernandez responded with a motion for leave to

file a second amended complaint (the "SAC Motion").  (Doc. 65.)  These motions are pending.

The resolution of the SAC Motion may inform whether Defendants' motions to dismiss are

moot.  If so, new motions to dismiss may be warranted.  Thus, it is not even clear what the

operative complaint in this matter is yet, much less whether motions based on that complaint are

meritorious.

Despite this unsettled posture, the Rule 11 Motion reiterates several arguments

Hernandez has already raised against Defendants' motions.  Indeed, it cites to filings raising

those arguments as evidence that Defendants' motions are frivolous.  (*See, e.g.*, Doc. 83, at 2.)

I have not yet ruled on the merits of any of these arguments or pending motions.

Adjudicating the Rule 11 Motion would thus require me to prejudge the merits of Defendants'

motions.  This is premature and inappropriate because the operative complaint has not been

determined and the arguments asserted by Defendants may be mooted by new developments in

the case.  In any case, the proper vehicle for testing the merits of Defendants' Motions to

Dismiss is a ruling on the motions themselves, not a collateral adjudication through a sanctions

motion.  The Rule 11 Motion is therefore DENIED without prejudice to refile pending the

resolution of this action on the merits or pursuant to a dispositive motion.

I conclude by noting that this is not the first time Hernandez's counsel has engaged in

duplicative and premature motion practice.  I have already denied a motion for summary

judgment as premature.  (Doc. 77.)  Just three weeks later, Hernandez's counsel responded with

the Rule 11 Motion, a similarly premature and duplicative effort to prejudge the merits of

Defendants' pending Motions to Dismiss.[1]  Faced with similar duplicative and premature Rule

---

[1] I also note with some concern that it appears that Hernandez's counsel has been sanctioned under 28 U.S.C. § 1927 in the District of Colorado, after the court found that he had "without a doubt multiplied these proceedings unreasonably and vexatiously."  *Snyder v. ACORD Corp.*, No. 1:14-CV-01736-JLK, 2019 WL 319407, at *9 (D. Colo. Jan. 24, 2019), aff'd, 811 F. App'x 447 (10th Cir. 2020).  This sanction led to reciprocal discipline in

11 motions, courts have warned attorneys "to consider carefully the prudence of engaging in extensive and duplicative motion practice before this Court." *Luv N' Care, Ltd.*, No. 16-CV-3179 (AJN), 2017 WL 3671039, at *16 (S.D.N.Y. Aug. 8, 2017).  If sanctions become necessary to correct this conduct going forward, I will not hesitate to impose them.

The Clerk of Court is respectfully directed to deny the motion at Doc. 81.

SO ORDERED.

Dated:  December 12, 2022
         New York, New York

Vernon S. Broderick
United States District Judge

---

Colorado and Missouri.  See *People v. Hernandez, No. 17PDJ079*, 2018 WL 6061456, at *1 (Colo. O.P.D.J. Nov. 6, 2018); *In re: Josue David Hernandez, MBE #61216*, No. SC98176 (Mo. Feb. 4, 2020); also available at https://www.courts.mo.gov/page.jsp?id=149773.